## LIPSCOMB v. GRACE.

DELIVERY BOND—*Judgment.*—When an execution is sued out upon a judgment, duly levied upon property, a formal bond taken for its delivery and duly returned forfeited, the former judgment is merged and extinguished, and a statutory judgment springs into existence upon the forfeiture of the forthcoming bond.

BANKRUPT.—It is competent for a surety, before he has made payment, to prove up his contingent liability, on an application for a discharge in bankruptcy, and if he does not so prove up he is barred, by the certificate of discharge, from further action against the bankrupt.

*Appeal from Jefferson Circuit Court.*

HON. H. B. MORSE, Circuit Judge.

*English, Gantt & English, and Snyder & Mallory,* for appellant.

It is well settled, by a series of decisions of this court, that

where an execution is issued upon a judgment, levied on personal property, a delivery bond taken, and returned forfeited, a new statutory judgment thereupon springs into existence, which merges and *extinguishes* the original judgment. *Frazier v. McQueen et al.; 20 Ark. 68,* and cases cited; *Douglas et al. v. Twombly, 25 Ark., 124,* and cases cited.

The fact that Grace did not sign the delivery bond, did not prevent the delivery bond judgment from extinguishing the original judgment. By failing to move to quash the delivery bond, at the return term, for want of the signature of Grace, the plaintiff, in the execution, impliedly accepted the bond, and the statutory judgment thereon as completely extinguished the original judgment as if Grace had signed the bond. *Field v. Morse & Hand, 1 Smedes & Mar., 346; Coffee v. Planters' Bank, 11 ib., 458; King v. Terry, 6 How, Miss. R., 513; Head et al., Beaty 5, ib. 480,* and cases cited.

The original judgment of Busby, the delivery bond judgment, and the judgment of Fricker, were all obtained before the date of Lipscomb's petition for discharge in bankruptcy; the debts were provable under the bankrupt act, and he was absolutely and forever discharged from all liabilities upon the debts by his final discharge, which related back to the date of the petition. *Bankrupt act, March 2, 1867, secs. 34, 35, 67, 78; Brightly, Annotated Bankrupt Law, pp. 44, 45, 69.*

Not only the judgment creditors had the right to probate the debts against Lipscomb's estate in bankruptcy, but Grace, as surety, had the right to probate any one of them that he was legally bound as surety for. *Bk. act, secs. 38, 63: Bright. An. Bk., pp. 45, 59.*

That the act does not fall short of effectually and forever discharging the principal debtor because the surety remains bound, is manifest, not only from the sections above cited, but is put beyond controversy by the language of *sec. 78, Bright. n. Bk. L., pp. 69, 70,* thus: "No discharge granted under this act shall release, discharge or effect any person liable for the

same debt for or with the *bankrupt*, either as partner, joint contractor, endorser, *surety*, or otherwise."

*Garland & Nash*, for appellee.

These were valid and existing judgments against Grace, as surety for Lipscomb, and when he paid them, an implied contract was at once formed, that Lipscomb would pay him, and Grace had his remedy, under our Code, by motion.

When Grace paid the debt, his right against Lipscomb was established. *2 Bouv. Institutes, 75–6–7.*

And, as furnishing a full answer to the defense of bankruptcy, we need cite only *Payne v. Joyner, 6 Ark., 241.*

GREGG, J.

At the May term, 1870, of the Jefferson circuit court, the appellee filed a motion for a summary judgment against the appellant, alleging that, on the 15th day of December, 1859, he, as security, had paid off two several judgments rendered in said court, respectively, on the 2d of December, 1865, and the 30th of May, 1867, against the appellant and himself.

After service and return of the notice, the appellee moved the court for judgment for one thousand and thirty-nine dollars and ten cents, the amount of the two judgments and interest thereon up to date.

The appellant appeared and resisted the motion. He filed his answer, containing four paragraphs. The first avers that the judgment of the 30th of May, 1867, for two hundred dollars, interest, etc., was not the individual debt of appellant, but was on a joint bond of himself and appellee.

In the second paragraph he avers the other note, upon which judgment was had, was not an individual debt, but joint, and that, after judgment, execution issued thereon and was levied upon appellant's property; a delivery bond, with E. Willis and Vital Achard as his securities, was given and forfeited, and

afterwards an execution issued, on the forfeited forthcoming bond, against him and his securities and the appellee, which, on motion of the appellee, was quashed, because the former judgment was merged, and appellant was no party to the judgment on the forthcoming bond, and that appellee was under no obligations to pay off said judgment.

The third denies the payment of the judgments.

The fourth avers appellants discharge in bankruptcy, and, as a part thereof, files his certificate of discharge, by which, in the usual form, a discharge was granted him from all debts and claims which,under the bankrupt act, were provable against his estate, and which existed on the 21st of May, 1868.

A demurrer was interposed and overruled as to the first paragraph, and the parties then went to trial before the court, sitting as a jury.

The court found in favor of the motion, and rendered judgment against the appellant for $1,039 $\frac{10}{100}$, from which he appealed.

The various obligations, writs and bonds referred to in the pleadings, are set out in the record, but there is no bill of exceptions or agreement showing what the evidence was before the court.

The court declared three propositions of law. The first is unobjectionable.

Secondly, the court declared the law to be "that as Grace, the appellee, did not sign the delivery bond, the giving of such bond and its forfeiture, which created a new judgment, did not release the appellee from the prior judgment, and as he was bound by it, he could satisfy it at time."

Thirdly, that "the final discharge of a bankrupt dates back to the time of filing the petition in bankruptcy, and only releases the bankrupt from debts due at the time of filing the petition, and any security debt paid, after filing the petition or discharge, is a valid claim against the bankrupt."

The court below seems to have misapprehended the law on both these propositions. It has been repeatedly held by this

court that when an execution is sued out upon a judgment, duly levied upon property, a formal bond taken for its delivery and duly returned forfeited, that it is a merger of the former judgment, that the former judgment is extinguished, and a statutory judgment springs into existence upon the forfeiture of the forthcoming bond. *Black v. Nettles,* 25 *Ark.,* 606; *Douglas et al. v. Twombly, ib., 124; Frazier v. McQueen,* 20 *Ark.,* 68; *Smiser v. Robinson,* 16 *Ark.,* 599; *Cochran v. Jordan, ib.. 625; Phillips v. Wills, 14 Ark.,* 595; *Biscoe v. Sandefur,* 569; *Ruddell v. McGruder,* 11 *Ark.,* 578; *Reardon, ex parte,* 9 *Ark.,* 450.

Upon the third proposition of law, we are aware that this court, in the case of *Payne v. Joyner,* 6, *Ark.,* 241, held, under the bankrupt act of 1841, that a party discharged in bankruptcy was liable to a surety on a pre-existing debt, who paid it after the discharge in bankruptcy, but such has not been the uniform ruling, and, in fact, but few courts have so held.

The Supreme Court of Alabama held that a certified bankrupt is discharged from all surety debts, though paid by the surety after the bankrupt obtains his discharge. *Kyle & Gunter v. Bostick and Sherrod,* 10 *Ala.* (*N. S.*), 589.

In the case of *Crafts v. Mott,* 5 *Barb.* (*N. Y.*), 311, the Supreme Court of New York, after announcing that many of the English decisions are not applicable in the United States, because their bankrupt acts are more restricted as to provable claims, say that the claim of a surety, before he has made payment, is a contingent liability, and may be proved up, upon an application for discharge in bankruptcy, and if a surety does not so prove his claim, he is barred by the certificate of discharge.

The rulings in Pennsylvania are direct, that a surety cannot recover against a principal, who has been discharged in bankruptcy, upon payment of an obligation for which the bankrupt was liable before his discharge. *Fulwood v. Bushfield, 14 Pa.,* 390; *Coke v. Lewis,* 8 *Barr.,* 493, and 2 *Barr.,* 343.

Substantially the same ruling has been held in Tennessee. See *Hardy v. Carter,* 8 *Hump.,* 153.

We would add that we have seen no bankrupt act more comprehensive in its terms, requiring prospective, doubtful and contingent claims to be proved against the estate of a bankrupt, than is the act of 1867. And the Supreme Court of the United States, which is but the court of last resort in this class of cases, and which is the authoritative expounder of the acts of Congress, in the case of *Mace v. Wells*, 7 *How.*, *117*, say: " Wells, as the security of Mace, became bound in two joint and several notes, both of which were due before the passage of the bankrupt law in August, 1841. In July, 1841, Wells paid one of these notes. Mace was discharged under the bankrupt law, on the 22d of March, 1843. In March, 1844, Wells paid the other note, and then sued Moore for the recovery of the money on both notes. The facts being submitted to the county court, judgment was entered for the plaintiff for the amount of the note last paid, which judgment was affirmed by the Supreme Court of the State. * * * By the fifth section of the bankrupt act, it is provided that ' all creditors, whose debts are not due and payable until a future day, all annuitants, holders of bottomry and *respondentia* bonds, holders of policies of insurance, sureties, indorsers, bail, or other persons having uncertain or contingent demands against such bankrupt, shall be permitted to come in and prove such debts or claims, under this act, and shall have a right, when their debts and claims become absolute, to have the same allowed them,' etc. Wells, as surety, was within this section, and might have proved his demand against the bankrupt. He had not paid the last note, but he was liable to pay it as surety, and that gave him a right to prove the claim, under the fifth section. And the fourth section declares ' that from all such demands the bankrupt shall be discharged.' "

This case being in point, the decision of the highest court of appeals, in such matters, should govern us, without reference to a former ruling of our own court.

Let the judgment be reversed, and the case remanded with

instructions to proceed according to law, and not inconsistent with this opinion.