The opinion of the court was-delivered by
White, J.
In suit No. 17,720 of the docket of the Fourth District Court, entitled Peter Markey vs. Cris Meyers & C. G. Wayne, a writ of sequestration issued, and the sheriff thereunder took into his possession one hundred and twenty-four thousand shingles, more or less. On the 5th of October, 1866, Wayne bonded the sequestered shingles, giving bond in the sum of twelve hundred dollars, with Frank W. Seymour as security. On the 17th November, 1868, judgment was rendered against Wayne, condemning him to restore the property bonded, or pay in default the sum of seven hundred and forty-four dollars, with legal interest from judicial demand until paid. On the 15th March, 1869, ft. fa. issued under this judgment and was duly returned on April 7th, 1869, no property found. On the 19th May, 1870, in suit of Peter Markey vs. Frank W. Seymour, he was condemned to pay the sum of seven hundred and forty-four dollars, with legal interest from October 4th, 1866, till paid, with costs of the original suit, in which the forthcoming bond had been given. Seymour appealed from this judgment, which was affirmed by this court, with fifty dollars damages for frivolous appeal, on the 19th January, 1874. On 10th February, 1874, Seymour, through his legal representatives, paid the amount of the judgment rendered against him as security on the forthcoming bond. In the period intervening between the rendition of the judgment in the lower court against Seymour, the security, Wayne, the principal, on the 11th January, 1872, was adjudicated a bankrupt, and on the 7th May, 1872, finally discharged. The present suit is an effo.rt on the'part of the executrix of Seymour’s succession to recover from Wayne the amount paid as surety. Wayne pleads as a bar his adjudication and discharge in bankruptcy ; the lower court gave plaintiff a judgment; defendant appeals.
*402 That the defendant was duly adjudged a bankrupt and finally discharged, before the present suit was filed, is beyond question.
It is contended that the discharge does not bar the present claim:
First — Because it was not placed by Wayne on his schedule, and consequently made the bankruptcy proceedings res inter alios.
Second — Because at the date of the adj udication and discharge of Wayne, this court had not finally passed on the surety’s liability, hence the claim of the surety, which it is said only resulted from the payment and consequent subrogation, was not provable at the date of the adjudication or discharge.
We think neither of these propositions tenable.
1. The claim was put on the schedule, which contained the following :

Thus the very claim due by Wayne to Markey, and for which plaintiff was surety, was explicitly and fully described in the schedule. The debt due by Wayne to Markey was the debt for which Seymour was liable as security, and to which he would have been by operation of law subrogated. We consider, however, the provability of the debt the crucial test.
The provision of the bankrupt act makes the discharge operative against all debts which “were or might have been” proved against the bankrupt’s estate. The language of the law is: “A discharge in bankruptcy duly granted, shall, subject to the limitations imposed in the two preceding sections, release the bankrupt from all debts, claims, liabilities, and demands, which were or might have been proved against his estate in bankruptcy.” * * * U. S. Rev. Stat. 5119. Even if putting the claim on the schedule in the manner stated, did not amount to a placing thereon that of plaintiff, publication of the required notices, in the absence of fraudulent omission of the name of the creditor, will bar the claim of the creditor whose name has been omitted. Bump’s Bankruptcy, 8th edition, p. 730, and authorities there cited.
2. The liability of Seymour was fixed by judgment at the date of the adjudication in bankruptcy. He could at that time and before payment have sued the principal on the bond. A surety may even before making any payment bring suit against the debtor, to be indemnified by him, first, when there exists a lawsuit against him for payment; second, *403 when the debtor has become a bankrupt or is in a state of insolvency. 0. 0. 3057. At the date of the adjudication in bankruptcy the surety, irrespective of payment, had a subsisting cause of action given him by law, as taught by an unbroken current from the Roman law to the writers on the Code Napoleon, to enable the surety to protect himself in advance of payment, the right being, as stated by Justinian, founded on the equitable maxim, Melius est intacta jura servari quampost causam vulneratum remed'mm qucerere. L. 5 b. In quib. causes. Pothier du Oautionnement no. 441. Oode Nap. 2032. Paul Post des Petits Contrats, vol. 2, p. 146. Troplong du Oautionnement, p. 343.
We can not, then, when the liability of the surety was actually determined by judgment, at the date of the bankruptcy, say that the mere non-payment by the surety, although he had before payment a cause of action, rendered his claim not exigible from the bankrupt’s estate. Apart, however, from the rights of the surety as defined in our law, we think that the bankrupt act itself provided ample means for proving claims like the present before payment. Under the act of 1841, not so comprehensive in this regard as the act of 1867, the right to prove a contingent liability was it seems by the greater weight of authority determined. Mace vs. Wells, 7 Howard 272 ; Crafts vs. Mott, 4 Comstock (N. Y.) 603; Morse vs. Hovey, 1 Sandford, Ch. (N. Y.) 187; Kyle vs. Bostwick, 10 Ala. 589 ; Fulwood vs. Bushfield, 14 Pa. St. 90 ; Tubbs vs. Williams, 9 Iredell, Law, (N. C.); Shelton vs. Pease, 10 Mo. 473; Jamison vs. Blower, 5 Barb. 686 ; Butcher vs. Forman, 6 Hill (N. Y.) 584.
The provisions of the act of 1867 seem to have been in terms intended to cover a case like the present. The language is :
■ “In all cases of contingent debts and contingent liabilities, contracted by the bankrupt, and not herein otherwise provided for, the creditor may make claim therefor, and have his claim allowed, with the right to share in the dividends, if the contingency happens before the order for the final dividend ; or he may at any time apply to the court to have the present value of the debt or liability ascertained and liquidated, which shall then be done in such manner as the courtshall order; and he shall be allowed to prove for the amount so ascertained.” U. S. Rev. Stat. 5068.
“Seo. 5070. Any person liable as bail, surety, guarantor, or otherwise for the bankrupt, who shall have paid the debt, or any part thereof, in discharge of the whole, shall be entitled to prove such debt, or to stand in the place of the creditor, if the creditor has proved the same ; although such payments shall have been made after the proceedings in bankruptcy were commenced; and a^iy person so liable- for the bankrupt, and who has not paid the whole of such debt, but is still liable for the same, or any part thereof, may, if the creditor fails or omits to pay *404 such debt, prove the same either in the name of the creditor, or otherwise, as may be provided by the general orders ; and subject to such regulations and limitations as may be established by such general orders.”
Under these sections, in Lipscomb vs. Grace, 26 Ark. 231, it was held “that it is competent for a surety before he has made payment to prove up his contingent, liability on an application for discharge in bankruptcy ; and if he does not so prove up he is barred by the certificate of discharge from further proceeding against the bankrupt.” The same conclusion was arrived at by the Supreme Court of Rhode Island in Fisher vs. Tifft, 12 R. I.
We conclu.de, then, that the claim was provable, and is hence barred by the discharge, and that therefore there is error in the judgment below ; and it is consequently reversed, and judgment be and the saméis hereby rendered in favor of defendant and against the plaintiff, rejecting plaintiff's demand, with costs in both courts.
Mr. Justice Marr takes no part in this decision, having been of counsel.