## I. C. THORESON, Respondent, v. STATE BOARD OF EXAMINERS, Appellant.

Const., Art. vii, Sec. 13 — Prohibition of — Sec. 963, R. S. 1898 — State Board of Examiners — Powers — Duties.

> Sec. 13, Art. VII, Const., does not prohibit the passage of a law such as Sec. 963, R. S. 1898, creating a legal obligation on the part of the State, out of what was a mere moral obligation, without such obligation having been first considered by and acted upon by the State Board of Examiners.

(Decided March 19, 1900.)

This is a rehearing of this case, the original opinion of which is reported in 19 Utah, at page 18. Former opinion affirmed.

*Hon. A. C. Bishop*, attorney-general, and *William A. Lee, Esq.*, deputy attorney-general, for appellant.

*N. V. Jones, Esq.*, for respondent.

Baskin, J.

This case is before this court on a rehearing. The facts are fully set out in the opinion heretofore rendered herein, reported in 19 Utah 18; 57 Pac. Rep., 175.

The appellant, on the rehearing, has made the objection, which was not raised on the former hearing, that Sec. 963, Rev. Stat., which authorizes the repayment to the respondent's assignor of the money paid by said assignor on the lease to him of school lands made in pursuance of Ch. 76, Sess. Laws of the Territory of Utah of 1892, violates Sec. 13, Art. 7, of the constitution,

which provides that "The governor, secretary of state, and attorney general * * * shall also constitute a board of examiners, with power to examine all claims against the State, except salaries or compensation of officers fixed by law, and perform such other duties as may be prescribed by law; and no claim against the State, except for salaries and compensation of officers fixed by law, shall be passed upon by the Legislature without having been considered and acted upon by the said board of examiners," for the reason that a claim for such payment was not presented to or considered by the board of examiners before the passage of Sec. 963, Rev. Stat.; that the Legislature is prohibited by the constitution from allowing a claim against the State except for salaries or compensation of officers fixed by law, unless the same shall have been first acted upon by the board of examiners.

The act which authorized the leasing of the school lands was passed by the Territorial Legislature, and before the State was formed the supreme court of the Territory, in the case of *Burrows* v. *Kimball*, 11 Utah, 149, had held the act, and the leases made in pursuance thereof, void.

The persons who paid money to the officers of the Territory on the void leases made in pursuance of the void act of the Territorial Legislature, never had any claim against the Territory, and did not have any against the State until the passage of Section 963, Rev. Stat., nor was the State under any, except a moral, obligation to pass an act for the relief of such persons. Whether it would do so was a matter wholly within the discretion of the governor and Legislature, and the relief specified in said section of the Rev. Stat. was merely the bestowal of a favor based upon moral and equitable considerations, and not upon any legal claim, and as, until the favor was granted, the respondent's assignor had no claim against the State, the

powers and duties of the board of examiners expressed in Section 13, Article 7, of the constitution, had no relevancy to the case at bar.

The board of examiners are required to perform the duties mentioned in said section of the constitution, and also to perform such other duties as may be prescribed by law, therefore the only duties in the premises imposed upon the board of examiners, are such as Section 963 of the Revised Statutes prescribes. In our former opinion we held that the only discretionary power which the board of examiners had in the matter was to ascertain whether or not respondent's assignor had paid on a lease made in pursuance of the void act of the Territorial Legislature, the sum claimed by the respondent, and it having been admitted that said sum had been so paid, that such payment was therefore a just claim within the meaning of said section of the statute, and that said board of examiners had no right to reject said claim on the ground that Section 963 of the Revised Statutes was violative of the constitution, but that it became and was the mandatory duty of the said board to receive, audit, and allow said claim, and that mandamus lies to enforce the performance of that ministerial duty.

We did not hold, as intimated in appellant's brief, that the board of examiners is a mere perfunctory body, not capable of exercising any judgment or discretion in matters of allowing or rejecting claims against the State, but held that in the particulars mentioned in this case, where the claim is admitted to be just, the board had no discretion, but their duties were mandatory. Upon a careful review of the case, we are satisfied that our former conclusions are correct.

It is therefore ordered that the judgment of the court below be affirmed, with costs, and that the case be re-

manded with instructions to issue the writ of mandate as prayed for by the relator.

BARTCH, C. J., concurs.

MINER, J., concurring.

By Sec. 13, Art. 7 of the constitution, the board of examiners were authorized, until otherwise provided by law, to examine all claims against the State, except for salaries, etc., and they were authorized to perform such other duties as may be prescribed by law. Thereafter Sec. 963, Rev. Stat. 1898, was enacted, and it was therein provided:

"The State board of examiners are hereby directed to receive, audit, and allow all just claims of persons who have paid moneys in pursuance of chapter seventy-six of the session laws of the Territory of Utah, of eighteen hundred and ninety-two, in relation to the leasing of school lands, and the State auditor is hereby directed to draw his warrant therefor, on the State district school tax fund."

By this act the board were to audit and allow all just claims of persons who had paid money in pursuance of ch. 76, Sess. Laws 1892, and the State treasurer was required to *draw his warrant therefor* on the State district school tax fund.

By the constitution the board were to examine all claims against the State until otherwise provided by law, and were also to perform such other duties as might be provided by law.

Sec. 963 was a provision authorizing and directing the board to examine and allow all just claims arising under a former statute. They were not to act upon and allow an unjust claim, but were to allow all just claims. Under this the board had a discretion, and were clothed with

*quasi* judicial power to audit and allow all just claims of the character named.

The board only allowed a part of the respondent's claim. The balance of this claim was not allowed because it had not been paid into the State treasury, and because of the assumed unconstitutionality of the statute.

It does not appear that the claim as presented was unjust; on the contrary it appears that it was a just claim. It was just such a claim as the statute was enacted to cover. The power to allow a just claim is given by the act and is authorized by the constitution. Until otherwise provided by law the board were to act under the constitution. Until otherwise provided by law no claim against the State, except salaries, etc., could be passed upon by the Legislature, without having been considered and acted upon by the board, but the board were to perform such other duties as might be provided by law, and Sec. 963 was enacted in pursuance of the provision in the constitution.

I am unable to see any good reason why the claim should not have been audited and allowed.

The judgment of the district court should be affirmed.