STATE ex rel. DAVIS v. EDWARDS, State Auditor.

No. 1863.    Decided January 25, 1908.

1. PLEADING—DEMURRER—WAIVER OF DEMURRER. Under the statute, an answer may be filed with a demurrer without waiving the demurrer.

2. COURTS—STENOGRAPHERS—COMPENSATION — AUDIT BY BOARD OF EXAMINERS. Laws 1899, pp. 111, 112, c. 72, sections 1, 2, authorize a district court judge to appoint a stenographer to hold during his pleasure, and to agree on the compensation to be paid by the state, not exceeding a maximum fixed, and provide that such stenographer may also be paid mileage not to exceed a fixed amount a mile, and that the amount of such mileage shall be certified by the court to the State Auditor, who shall draw his warrant for the same. Const. art. 7, section 13, creates a board of examiners with power to examine all claims against the state, except salaries or compensation of officers fixed by law. Rev. St. 1898, section 946, enacted pursuant to Const., art. 7, section 13, forbids the State Auditor to draw his warrant for any claim unless approved by the

board, except for salaries or compensation of officers fixed by law. *Held*, that a claim by a stenographer for mileage was a claim for compensation fixed by contract, not by law within the exception to Constitution, article 7, section 13, and Revised Statutes 1898, section 946, and hence the State Auditor could not be required to draw a warrant for the same until first approved by the board of examiners.

3. MANDAMUS—SUBJECTS OF RELIEF—ALLOWANCE AND PAYMENT OF SALARIES. The allowance and payment of salaries or compensation of public officers fixed by law may be enforced by mandamus against auditing and disbursing officers.

4. MANDAMUS—SUBJECTS OF RELIEF—AUDIT OF CLAIMS. The board of examiners created by Constitution, art. 7, sec. 13, with power to examine all claims against the state, except salaries or compensation of officers fixed by law, may in a proper case be subject to mandamus.[1]

Original application for mandamus by the state, on the relation of Justin R. Davis, against J. A. Edwards, State Auditor.

WRIT DENIED.

*Thurman, Wedgwood & Irvine* for petitioner.

*M. A. Breeden, Attorney-General,* and *A. R. Barnes, Assistant Attorney General,* for respondent.

FRICK, J.

On the 29th day of June, 1907, Justin R. Davis (hereinafter styled "petitioner") made an application to this court for an alternative writ of mandate to be directed to J. A. Edwards, as State Auditor of the state of Utah (hereinafter designated "respondent"), in which the petitioner asked that said respondent show cause why a peremptory writ should not issue against him requiring him to allow a certain claim against the state, and in favor of petitioner, and to issue a warrant upon the State Treasurer for the amount claimed. The petitioner based his claim upon certain facts which, in his

---

[1] Marioneaux v. Cutler (Utah), 91 Pac. 355.

petition, are stated, in substance, as follows: That on the 3d day of January, 1905, he duly entered into a contract with Hon. C. W. Morse, one of the judges of the district court of the Third judicial district of this state; that said contract was entered into in pursuance of the provisions contained in setions 1, 2, c. 72, pp. 111, 112, Laws Utah 1899; that by virtue of said contract and the law referred to said C. W. Morse, as such district judge, on the 3d day of January, 1905, duly appointed the petitioner as court stenographer of said district court, and that the petitioner ever since said date has been, and now is, the duly appointed, qualified, and acting court stenographer of said court, during all of which time he has faithfully discharged the duties of court stenographer for said court in pursuance of said contract and appointment; that said contract and appointment ever since said date have been and now are in full force and effect; that, by the terms of said contract, it is provided that the petitioner shall be paid the sum of ten cents per mile for each mile actually traveled by him in the discharge of his official duties; that in the months of April and May, 1907, the petitioner in the discharge of his official duties necessarily traveled a distance of 336 miles, for which he is entitled to receive, under the terms of said contract, from the state of Utah the sum of $33.60; that in compliance with the provisions of section 2, c. 72, p. 112, Laws Utah 1899, the petitioner obtained from the said C. W. Morse, as judge of said district court, a certificate in which said judge duly certified that the number of miles as claimed by the petitioner was correct, and that he had actually traveled said distance; that thereupon petitioner presented said claim for mileage, duly certified, to the respondent, as State Auditor for allowance, and requested him to allow the same, and to issue his warrant drawn upon the State Treasurer, in favor of petitioner, for said sum of $33.60, which respondent refused, and still refuses to do; that there is due the petitioner from the state of Utah for the mileage aforesaid the sum of $33.60. An alternative writ was duly issued by this court, to which the respondent appeared. Respondent attacks the petition by general demurrer for want of facts. He also filed an answer at

the same time, which under the statute he was permitted to do without waiving his demurrer. A reply to the answer was also filed by the petitioner.

In view of the law in force in this state, the first question that arises is as to the sufficiency of the petition. This question is raised by the general demurrer. The petitioner relies upon sections 1, 2, c. 72, pp. 111, 112, aforesaid, which, so far as material, are to the effect that the judges of the district court of this state may enter into contracts with and appoint competent persons as stenographers to report the proceedings of said courts. These sections enumerate what shall be specified in the contract, and, among other things, authorize the judges to agree upon the compensation to be paid by the state to the stenographers for services not exceeding the sum of $8 for each sitting of the court. It is further provided in section 2 that "such contract shall further provide that the said stenographer shall hold his employment at the pleasure of the judge of the court appointing him, or his successor, and may also provide that said stenographer shall be paid not to exceed ten cents per mile for each mile actually traveled by him in the performance of his part of said contract, and the amount of such mileage shall be certified by the court to the state auditor, who shall draw his warrant upon the state treasurer for the amount so certified, and the same shall be paid out of the state treasury." The petitioner, in substance, contends that, if it be made to appear to the State Auditor by the certificate referred to in the statute that the services were rendered, or that the claim for mileage arises by virtue of the contract and appointment made by the district judge and the amount is certified to by him as correct, that it then becomes the duty of the Auditor to draw his warrant upon the State Treasurer for the amount stated in the certificate in favor of the stenographer named in the certificate. He urges further that it appears from the petition that he has complied with the provisions of sections 1 and 2, above referred to, and that, therefore, he is entitled to the relief prayed for. In this contention we at first blush were inclined to agree with the petitioner, and, if it were not for a constitutional provision,

which we think stands in the way, we would be inclined to hold that the petitioner should prevail in this proceeding. Section 13 of article 7 of the Constitution provides for a board of examiners "with power to examine all claims against the state, except salaries or compensation of officers fixed by law." Pursuant to this constitutional provision the first state Legislature passed an act which is designated as title 19, and comprises sections 929 to 963 of the Revised Statutes of 1898. In these sections the duties of the board of examiners are more particularly specified. Section 946, which relates to the duties of the respondent, as State Auditor, with respect to claims against the state, provides:

"The State Auditor shall not draw his warrant for any claim, unless it has been approved by the board, except for salaries or compensation of officers fixed by law, or for moneys expressly appropriated by law."

The powers conferred upon the board of examiners, with regard to claims against the state, by the constitutional provision quoted above, are general and sweeping. The power would include all claims against the state, were it not for the exception which excludes salaries or compensation of officers fixed by law. An exception of this character may not be enlarged nor extended by implication. An exception which specifies the things that are excepted from a general provision strengthens the force of the general provisions of the law. (2 Lewis' Sutherland, Stat. Const. section 494.) It is an elementary doctrine that, if there are any provisions in a statute which in any way conflict with a constitutional provision, the Constitution controls. Does the claim of the petitioner come within the constitutional exception? If it does not, then by virtue of section 946, Rev. St. 1898, above quoted, the respondent cannot legally be required to draw his warrant upon the State Treasurer therefor until it has been approved by the board of examiners. The petitioner does not state in his petition that the claim has been so approved. In order to state a complete cause of action against the State Auditor for relief in case the auditor refuses to draw a warrant, it must appear from the application either that the claim has been approved by the

board of examiners, or that it is one that comes within the constitutional exception. Is the claim presented by the petitioner a claim for salary or compensation of an officer fixed by law? It certainly is not for an official salary. It seems equally clear that it is not for official compensation which is fixed by law. Conceding that the petitioner falls within the designation of public officer for certain purposes, as held in *Dull v. Mining Co.*, 28 Utah 467, 79 Pac. 1050, and assuming further, that mileage may, under certain circumstances, constitute or form a part of official compensation, as held in *Marioneaux v. Cutler* (Utah), 91 Pac. 355, still the claim in question is not for a compensation that is fixed by law.

It must not be overlooked that the exception in the Constitution does not apply to every claim for official compensation, but applies only to those that are fixed by law. If we assume that the amount claimed by the petitioner is ascertained and fixed by the court's certificate, this still does not meet the objection that it is not fixed by law. How does the claim arise? As stated by the petitioner, it arises out of a contract entered into by him with the district judge, who by law is made the agent of the state for that purpose. The amount that the petitioner is to receive from the state, both for services and for mileage, is a matter that he and the judge agreed upon and fixed. If the law had authorized the district judge to enter into contracts with stenographers, and to agree upon the compensation and mileage for such an amount, as under the circumstances might seem fair and reasonable, and had directed the judges to certify to the amount agreed upon and to the miles actually traveled, no one could successfully contend that the compensation agreed upon was fixed by law. The only difference between such a law and the one we are dealing with is that the present law limits the authority of the judges, while the supposed law would not. The mere fact that the law imposes limitations, which the judges may not exceed, in no way changes the fact that it is a limitation of authority, and not the fixing of compensation by law. This is made clearer still by the fact that the compensation and mileage may be one amount in one district, and a different amount in

another district. It may be the maximum amount for services and less than that for mileage, or vice versa. Moreover, the contract remains in force only at the pleasure of the judge. He may recall it at any time, and may increase or reduce the stipulated amount so long as it is not increased beyond the highest amount he may contract for. While the compensation of stenographers, to some extent, is regulated by law, it nevertheless is not a compensation within the constitutional provision fixed by law. It is a compensation fixed by the contract made between the stenographer and the judge. If this should be held to constitute compensation fixed by law, then any compensation authorized by law which was agreed to in an authorized contract would also be fixed by law. The authority conferred by the state upon certain officials to enter into contracts with other persons, and to agree upon the compensation to be paid for public services contemplated by the contract, not exceeding a specified sum, as we view it, falls far short of fixing such compensation by law as contemplated by the Constitution. That the allowance and payment of the salaries or compensation of public officers fixed by law may be enforced by mandamus proceedings against auditing and disbursing officers is well settled. (Merrill on Mandamus, section 105; High, Extra. Leg. Rem. (3d Ed.), sections 101, 113; Mechem on Public Officers, section 968; *Fowler v. Peirce,* 2 Cal. 165; *Reynolds v. Taylor,* 43 Ala. 420; *Bryan v. Catell,* 15 Iowa, 538; *Black v. Auditor of State,* 26 Ark. 237.) But all these authorities simply make it clear that the salary or compensation, of which payment may be compelled in such a proceeding, must be certain and fixed by law, and, further, that it must appear that it is the legal duty of the officer, upon whom the demand is made, to allow or pay the amount claimed. We have not been able to find any case where the compensation was fixed by contract, or where the amount is subject to change at the pleasure of the person authorized to agree upon and fix it, wherein it was held that such compensation is one fixed by law. The mere fact that the Legislature has, in effect, made the certifi-

cate of the judge the only evidence that is required to fix the amount due cannot affect the conclusion that it is not fixed by law. It is the judge, and not the law, that determines and fixes the amount to be allowed under the particular contract under which the stenographer claims. The attempt by the Legislature to require the Auditor to allow a claim which by the Constitution must first be approved by the board of examiners can avail nothing. The auditor is bound by the constitutional provision. The Legislature is so bound, and so are we. The Legislature may make certain evidence conclusive with regard to a specific matter, but it may not interfere with powers conferred or duties imposed by the Constitution. This in effect, is what is attempted to be done in section 2, c. 72, p. 112, aforesaid. To the extent that the provisions of that section are in conflict with the constitutional provision governing salaries and compensations of officers fixed by law, the Constitution must prevail. The conclusion is, therefore, forced upon us that the petitioner's claim is not within the constitutional exception, and therefore comes within the general class of claims which must be submitted to the board of examiners, and that the respondent, as State Auditor, cannot be compelled to draw a warrant therefor until the same is approved by that board. As there is no allegation in the petition that the claim has been so presented and allowed, the petition does not state sufficient facts to authorize us to issue a peremptory writ of mandate against the respondent. The demurrer, therefore, is well taken, and should be sustained.

In view that the writ must be denied for the reasons stated, we cannot now pass upon the other questions raised by the respondent. The board of examiners whose duty it is under the Constitution to pass upon the claim is not before us; and hence would not be concluded by a decision upon these questions. (Merrill on Mandamus, sec. 315.) No doubt the board of examiners, in a proper case, may be subject to a proceeding in mandamus. (Merrill on Mandamus, sec. 126; Mechem on Public Officers, sec. 968; High, Ex. Leg. Rem. (3d Ed.), secs. 101, 113; *Marioneaux v. Cutler* (Utah), 91 Pac. 355.)

From the foregoing, it follows that the writ must be denied, and the petition dismissed. It is so ordered. Respondent to recover costs.

McCARTY, C. J., and STRAUP, J., concur.