364 P.2d 417

H. LeRoy GAMMON, Plaintiff
and Appellant,

v.

FEDERATED MILK PRODUCERS
ASSOCIATION, INC., Defendant
and Respondent.

No. 9213.

Supreme Court of Utah.

Aug. 23, 1961.

Bridwell, Reynolds & Cuthbert, Salt Lake City, for appellant.

Moffat, Iverson & Elggren, Salt Lake City, for respondent.

Warwick C. Lamoreaux, Edward W. Clyde and Frank J. Allen, Ray, Quinney & Nebeker, Salt Lake City, Harris & Harris, Logan, amici curiae.

PER CURIAM.

It is the opinion of the Court that the Petition for Rehearing should be denied but these comments appear to be in order:

it appears that counsel, particularly amici curiae, are unduly apprehensive about the effect of the decision heretofore rendered, 11 Utah 2d 421, 360 P.2d 1018, forgetting that it decides only the case before us.

In regard to the contention that the effect of this decision would be to destroy all cooperatives and efforts to carry on business en group, this is to be said: it would be unreasonable and unrealistic to suppose that the language of our State Constitution, art. 12, § 20, that "any combination * * * having for its object or effect the controlling of the price of any products * * * is prohibited * * *." was meant to be so applied as to prevent sellers of goods or property, even though acting in a group, from agreeing with buyers, or buyers similarly acting, from agreeing with sellers, upon a price at which to transact business. The constitutional provision must be given an interpretation which is sensible and realistic in its application to the affairs of life. To achieve that result it is necessary to look to the background which produced it and the purpose it sought to accomplish. The controlling or the setting of a price by persons acting in groups may be nothing other than ordinary bargaining to establish a price which is a normal function of a free market. It is obvious that in the economic climate under which our Constitution was framed there was no reason nor intent to prohibit such bargaining, so long as nothing was done to impede the free flow of commerce. The provision was designed to prevent persons or corporations from combining together to fix prices for the purpose of eliminating or minimizing competition and thus removing the competitive aspects of the free enterprise system. That is the type of price-fixing the provision was aimed at and to which it should be applied.