378 P.2d 669

**STATE of Utah, Plaintiff,**

v.

**Glen BETENSEN, Defendant.**

No. 9838.

Supreme Court of Utah.

Feb. 15, 1963.

A. Pratt Kesler, Atty. Gen., Salt Lake City, Gordon A. Madsen, Asst. Atty. Gen., Salt Lake City, for plaintiff.

Olsen & Chamberlain, Richfield, for defendant.

CROCKETT, Justice.

**122**

This is an original proceeding in the nature of quo warranto challenging the right of the defendant, Glen Betensen, to hold the office of county attorney for Piute County, to which he was duly elected at the general election November 5, 1962.

 The contention is that because the defendant is not a licensed member of the Bar he is disqualified to hold the office by Ch. 34, S.L.U.1957 (Sec. 17–18–4, U.C.A.) which provides that:

"No person shall be elected to the office of, or serve as county attorney, without being duly licensed to practice law in the state of Utah."

Defendant urges that the above statute is invalid because it would have the effect of destroying rights conferred by Sec. 10 of Article VIII of the Utah Constitution which provides:

"A county attorney *shall be elected by the qualified voters of each county* who shall hold his office for a term of four years. The powers and duties of county attorneys, and such other attorneys for the state as the legislature may provide, shall be prescribed by law. * * *" (Emphasis added.)

Inasmuch as this section of the constitution provides that the "powers and duties" of county attorneys shall be prescribed by law, but fails to say anything about qualifications, there is uncertainty as to whether by the latter omission it was intended: merely to leave the matter open for possible legislative enactment; or, was an affirmative indication *that no such qualification be required.*[1]

In view of such uncertainty it is proper to look not only to the document itself, but to the background out of which it arose and its practical application in order to determine the intent.[2]

It is the position of the State that the provision that, "A county attorney shall be elected by the qualified voters of each county * * *" and the omission to say anything about qualifications leaves the matter open, and that under the admitted plenary powers of the legislature to regulate the functions of government except as limited by the constitution,[3] it was proper to prescribe reasonable qualifications for the office, and that the statute in question thus supplements but does not contravene the provisions of the constitution. This position is not without plausibility, but as will

1. See Annotation 34 A.L.R.2d 155 et seq. on the question of legislative power to prescribe qualifications for offices created by constitutional provision.
2. See Gammon v. Federated Milk Producers Ass'n, Inc., 12 Utah 2d 189, 364 P.2d 417; also General Electric Co. v. Thrifty Sales, Inc. etc., 5 Utah 2d 326, 301 P.2d 741.
3. See Wood v. Budge, 13 Utah 2d 359, 374 P.2d 516.

presently appear, there are reasons which persuade us to a contrary conclusion.

Looking within the constitution itself we find in the same Article VIII, dealing with the judicial department, that the framers considered and specifically required legal qualifications for other officers concerned with administering the law: Justices of the Supreme Court to be "an active member of the bar in good standing" (Sec. 2, Article VIII); judges of the district court to meet the same standard, (Sec. 5, Article VIII); and likewise as to the attorney general (Sec. 3, Article VII). From the fact that these qualifications were required of the other legal officials it is obvious that the matter must have been considered as to county attorneys and that the omission of such requirement was deliberate. This was undoubtedly done because of the fact that at the time of statehood very few, perhaps no more than half a dozen, of our 29 counties had attorneys resident therein. Yet it was necessary for someone to perform the numerous duties of a county attorney.[4] Our statutes prohibiting the practice of law other than by licensed attorneys have recognized an exception to one "duly elected to the office of county attorney."[5] This provision, incidentally, was not expressly repealed by the statute here in question. Al-

though if the latter were a valid enactment, it would undoubtedly supersede the former as being in conflict and later in time.

While the scarcity of attorneys in most of our counties no longer exists, the fact cannot be ignored that there are still three counties in Utah which have only one licensed attorney and six in which no licensed attorney resides, including Piute County. It is not to be disputed that Sec. 10 of Article VIII of our constitution, hereinabove set out, gives the people of these counties the right to elect a county attorney. The question then arises how they could exercise that right under the present statutes. It has been suggested that they could elect a licensed attorney who was a nonresident of their county. But this does not solve the problem because Sec. 17–16–1, U.C.A. 1953, provides that:

"No person is eligible to a county, district or precinct office who at the time of his election is not an elector of such county, district or precinct."

Apparently for the purpose of eliminating difficulties with the enactment under attack, a companion act, Ch. 35, S.L.U.1957, added to the section just quoted the following language:

4. See Compilation of Duties of County Attorney in dissenting opinion of Justice Wade in Murphy v. Grand County, 1 Utah 2d 412, 268 P.2d 677.

5. Sec. 78–51–25, U.C.A.1953; Sec. 6–0–24, U.C.A.1943; Sec. 6–0–24, R.S.U.1933; Chap. 78 S.L.U.1927.

"[W]ith the exception of county attorneys *appointed* by the board of county commissioners as provided in Section 17–5–21, Utah Code Annotated 1953." (Emphasis added.)

It is significant that the exception relates only to county attorneys *appointed* and not to those *elected*. Accordingly, to be eligible to *election* as county attorney one must be an elector of the county. If there are no electors of the county who are licensed attorneys, as is the case with Piute County and other counties of our State, the statute in question would have the effect of depriving the people of those counties of a right conferred by the constitution of electing their county attorney. We recognize the desirability of having a licensed member of the Bar as a county attorney, but so long as the stated condition exists, such requirement has the effect of preventing the people of those counties from *electing* their attorney and thus denies them a constitutional right. It is elementary that when a statute is thus in contravention of a constitutional provision, it is invalid.[6]

The petition to disqualify the defendant from holding the office to which he was elected is denied. No costs awarded.

HENRIOD, C. J., and CALLISTER, McDONOUGH and WADE, JJ., concur.

6. Marbury v. Madison, 1 Cranch, 137, 2 L.Ed. 60.