**Ernest H. DEAN, as President of the Utah State Senate, et al., Plaintiffs and Respondents,**

**v.**

**Calvin L. RAMPTON, Governor, et al., Defendants and Appellants.**

**No. 14518.**

Supreme Court of Utah.

Oct. 21, 1976.

Vernon B. Romney, Atty. Gen., Paul M. Tinker, Asst. Atty. Gen., Salt Lake City, for defendants and appellants.

Melvin E. Leslie, George M. Mecham, Gary E. Atkin, Salt Lake City, for plaintiffs and respondents.

CROCKETT, Justice:

Plaintiffs, members of the Forty-first Legislature (1975) brought this action to test the validity of subsection (3) of Sec. 63–2–15, U.C.A.1953, quoted below, as applicable to their claims for expenses incurred in attending the national convention of State Legislatures in Philadelphia in October, 1975. They submitted their claims to the State Auditor, who in turn referred them to the defendant Board of Examiners (herein Board). The Board refused to authorize payment of the claims because they had not been submitted for prior approval as prescribed by that statute. Plaintiffs filed this suit in the District Court to compel payment of the claims. Upon an agreed statement of facts the parties each moved for a summary judgment. The court ruled in favor of the plaintiffs. Defendants appeal.

The issue confronted here concerns the interpretation, application, and priority to be given the statute referred to as compared to our constitutional provision, Sec. 13, Article VII, which states:

Until otherwise provided by law, the Governor, Secretary of State and Attorney General shall constitute a Board of State Prison Commissioners . . . [etc.] . . . They shall, also, constitute a Board of Examiners, *with power to examine all claims against the State except salaries or compensation of officers fixed by law,* and perform such other duties as may be prescribed by law; and no claim against the State, except for salaries and compensation of officers fixed by law, shall be passed upon by the Legislature without having been considered and acted upon by the said Board of Examiners.

Subsection (3) of Sec. 63–2–15, U.C.A. 1953, relied upon by the plaintiffs states:

Reimbursement for other travel expenses incurred. No obligation shall be incurred for travel outside of the state without the advance approval of the board of examiners through the director of finance. Such approval shall consist of a certification as to the availability of funds as well as a review of the necessity and desirability of such travel. *This section shall not apply to the legislature, its committees, or any member or employee* of same.

In reference to that statute, it should be acknowledged that under our system the legislature, representing the people, indeed has all of the fundamental power of the sovereign to make whatever laws it deems proper for the general welfare.[1] But even that power is not without limit. The purpose of a constitution is to provide an orderly foundation for government and to keep even the sovereign (as applicable here, the people through their legislature) within its bounds. Therefore, the legislative power itself must be exercised within the framework of the constitution. Accordingly, it has been so long established and universally recognized, as to be hardly necessary to

1. See Statement in *Wood v. Budge*, 13 Utah 2d 359, 374 P.2d 516.

state, that if a statutory enactment contravenes any provision of the constitution, the latter governs.[2]

■ There is no question but that the general purpose of the above statute is salutary and in harmony with the constitution, but the serious question arises as to its last sentence, which purports *to exempt* members of the legislature and its employees *from its requirement.* To be weighed against that provision we must consider the effect to be given Sec. 13 of Article VII of our Constitution quoted above. It has been the subject of controversy before this Court in a number of cases.[3] In that series of cases it has been reasoned that, in looking at the structure of our state government as provided in our state constitution, the examination of claims as an auditing function was intended to be performed by the state auditor; and that the provision of Sec. 13, Article VII, which gives the three major constitutional officers, the governor, the secretary of state, and the attorney general "power to examine all claims against the State except salaries or compensation of officers fixed by law . . .". intended something beyond the mere auditing of claims: that is, for reasons explained therein, which need no repetition here, some supervisory control over claims against the State other than those expressly excepted.[4]

■ In the case of *Uintah State Bank v. Ajax,*[5] which dealt with the payment of bounties for killing predatory animals (coyotes) from a fund which had been appropriated to that purpose, the court said, "the claims here are not fixed by law in the sense that the Legislature has made an appropriation of an *amount certain to a definite named person."* And further, that under the constitutional provision *"all claims are subject to action by the board of examiners, except only claims for 'salaries and compensation of officers fixed by law.'"* Similarly here, while there has been a general appropriation for travel expenses, there has been no appropriation for an amount certain to a definite named person which could be classified as either salary or compensation fixed by law. (All emphases in this opinion are ours.)

■ The general principle underlying the constitutional provision referred to and the application thereof as explained in the adjudicated cases thereon is that the Board of Examiners performs the function of safeguarding against possible excesses or abuses in the disbursement of public funds. We say with emphasis that it is not suggested here that there is any excess or abuse in these particular claims. But the principle embodied in this constitutional provision, that there be such a safeguard, applies to anyone who asserts a claim against the State, even by a member of the legislature itself, except only the specific exception therein for salaries and compensation of officers fixed by law.

The law as so grounded upon that constitutional provision and as developed in the cited decisions thereon has been the established law of this State for many decades. It contains no exemption of members of the legislature or anyone else. It should be regarded, as it has been, as a

2. *Marbury v. Madison,* 1 Cranch 137, 2 L.Ed. 60; *State v. Betensen,* 14 Utah 2d 121, 378 P.2d 669.

3. E. g. *State ex rel. Davis v. Edwards,* 33 Utah 243, 93 P. 720 (1908); *Thoreson v. State Bd. of Examiners,* 21 Utah 187, 60 P. 982 (1900); *Wilkinson v. State,* 42 Utah 483, 134 P. 626 (1913); *Dall v. State,* 42 Utah 498, 134 P. 632 (1913); *Campbell Bldg. Co.* v. *State Road Comm.,* 95 Utah 242, 70 P.2d 857 (1937); *Bateman v. Board of Examiners,* 7 Utah 2d 221, 322 P.2d 381 (1958); *Toronto v. Clyde,* 15 Utah 2d 403, 393 P.2d 795 (1964).

4. See *Toronto v. Clyde,* footnote 3 above, 15 Utah 2d at 405, 393 P.2d 795.

5. 77 Utah 455, 297 P. 434.

valid and effective part of the constitutional structure of our state government which no statute can repudiate or supersede.

It is appropriate to advert to this thought: If the legislature can exempt itself and its employees from the requirement of this constitutional provision, then where would be the restraint from exempting themselves, or others, from any other constitutional provision.

In accordance with what we have said herein it is our opinion that insofar as subsection (3) of Section 63-2-15, U.C.A. 1953, purports to exempt members of the legislature from submitting the claims in question to the Board of Examiners it is in conflict with Section 13, Article VII, of our Constitution, and in that particular it is invalid; and that as a predicate to they payment of any such claims it is necessary that the plaintiffs submit them to the Board of Examiners for approval.[6] No costs awarded.

HENRIOD, C. J., MAUGHAN, J., and GEORGE E. BALLIF, District Judge, concur.

ELLETT, Justice (dissenting):

I can agree that the holding of the prevailing opinion is in harmony with prior decisions of this Court. However, I am unable to agree with those cases, and I think it is time to examine the provisions of Section 13, Article VII of the Utah Constitution with an eye directed to the true intent and meaning thereof.

In 1963 the legislature enacted Chapter 150 of the Laws of Utah (also found in Volume 7A, U.C.A.1953, as Section 63-6-1) which reads:

The governor, the secretary of state and the attorney general shall constitute a board of examiners, with power to examine all claims against the state *for which funds have not been provided for the payment thereof,* except salaries or compensation of officers fixed by law. No claim against the state *for which funds have not been provided,* except salaries and compensation of officers fixed by law, shall be passed upon by the legislature without having been considered and acted upon by the board of examiners. . . . [Emphasis added.]

This statute clearly states the intent of the Constitution. Where a claim is made against the state, if funds have not already been provided, it would, of course, be necessary to present it to the executive department of government; that department has the funds and is the only department with the power to get the funds. Consequently the auditor or the treasurer may not, singly or in combination, disburse money until the Board of Examiners has approved the claim.

It is an entirely different matter where the legislature, by enactment, has already provided the funds and the governor has approved the bill. There is no need to have a further approval by the executive department in such cases. To permit the Board of Examiners to direct how funds appropriated for the use of the legislative or judicial branches of government shall be spent is to contravene the provisions of Section 1, Article V of our Constitution which reads:

The powers of the government of the State of Utah shall be divided into three distinct departments, the Legislative, the Executive, and the Judicial; and no person charged with the exercise of powers properly belonging to one of these departments, shall exercise any functions appertaining to either of the others, ex-

---

6. It should be noted that we do not here confront the question as to the prerogative of the full legislature to act upon these claims subsequent to action upon them by the Board of Examiners. That matter is dealt with in the case of *Wood v. Budge,* footnote 1 above.

cept in the cases herein expressly directed or permitted.[1]

An example will illustrate the point. The legislature appropriates $1,000 to the Supreme Court for traveling expenses. The Court decides that it would be proper and advantageous to the State of Utah to send one of its members to Denver to attend a regional conference of appellate justices to discuss means of coping with the encroachment of the federal courts into state affairs. Even though the funds have already been appropriated and the legislature is not called upon to pass upon a claim, no member of this Court can attend the conference unless, and until, he secures the permission of the Board of Examiners.

The same is true for members of the legislature. In the instant matter, members of the legislature attended a convention which, to them, seemed appropriate. The trip was proper and was authorized by the rules and regulations of that department of government. No claim is made to the contrary by the appellants herein. The only complaint made is that the members of the legislature did not come on bended knee with hat in hand to ask for permission from the executive department if they might go. If the expenses incurred during the trip are claims within the meaning of Section 13, Article VII of the Constitution, then the legislature may not appropriate the money to pay them until the Board of Examiners has first had a chance to examine them. In this matter the legislature has already appropriated the funds, and consequently there is no need to have the legislature pass upon the matter.

Section 13, Article VII of our Constitution reads:

> . . . They shall, also, constitute a Board of Examiners, with power to examine all claims against the State except salaries or compensation of officers fixed by law, and perform such other duties as may be prescribed by law; and no claim against the State, except for salaries and compensation of officers fixed by law, shall be passed upon by the Legislature without having been considered and acted upon by the said Board of Examiners.

Although in this case the legislators had already been given an appropriation of money for the trip, it is claimed that they may not use it because they did not ask permission of the executive department in advance. If the governor does not want the legislators to make a proper trip, he should veto the appropriation bill when it comes up for approval.

I cannot agree with the holding and reasoning of the prevailing opinion and would overrule all prior cases holding in accordance therewith.

I would affirm the judgment of the trial court.

---

1. Cases expressly provided for are:

(1) The legislature my impeach officers of the other departments of government (Article VII, Sections 17–21, inclusive).

(2) It may enlarge judicial districts (Article VIII, Section 6).

(3) It may remove a judge from office (Article VIII, Section 11).

(4) The legislature may not *pass a claim* against the state until the Board of Examiners shall have considered it (Article VII, Section 13).

(5) The Supreme Court may issue writs of mandamus, prohibition, and quo warranto affecting officers in the other divisions of government (Article VIII, Section 4).